UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21661-LETT

**JEROME SKYEAM GATLIN**,
*Individually and as guarantor of*
*The Jiant Enterauge LLC d/b/a Lynrd*

    Plaintiff,

v.

**ECAPITAL FREIGHT FACTORING CORP.**,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR EMERGENCY INJUNCTIVE RELIEF WITHOUT PREJUDICE

**THIS CAUSE** is before the Court pursuant to Plaintiff Jerome Skyeam Gatlin's Motion for Emergency Injunctive Relief against Defendant ECapital Freight Factoring Corporation ("Motion", ECF No. 1). For the reasons stated below, the Motion is denied without prejudice.

### I. Background

Plaintiff filed his Complaint and Request for Emergency Injunctive Relief on April 10, 2025 [ECF No. 1]. In his Complaint, Plaintiff alleges that he engaged a "written factoring agreement" with the Defendant, ECapital Freight Factoring Corporation ("ECapital") on or about February 20, 2025. Compl. ¶ 5. The nature of this agreement was for the purchase and advance of freight receivables. *Id*. Plaintiff states that on April 4, 2025, an invoice was submitted to the Defendant, and the

Defendant rejected the invoice. *Id.* ¶ 8. On April 8, 2025, it is alleged that the Defendant issued a notice terminating the agreement and freezing $3,100 in invoice funds. *Id.* ¶ 10. In response, Plaintiff asserts a Breach of Contract claim. *Id.* ¶¶ 13-17. In addition to other monetary damages, Plaintiff requests the issuance of "a Temporary Restraining Order and Preliminary Injunction restoring access to cleared invoice funds and prohibiting Defendant from intercepting future broker payments." *Id.* Sec. V(a).

## II. Local Rules

As an initial matter, Plaintiff failed to comply with Local Rule 7.1(d) regarding emergency and expedited motions, which require conventional electronic filing for expedited and emergency motions even for *pro se* litigants; specific certification of the emergency in the signature block, including a required paragraph of specific language; and inclusion of a date by which a ruling is necessary. Plaintiff additionally cites to Local Rule 7.1(e), which governs applications previously refused, and requires the filing party to disclose a motion or application previously made to a Judge or Magistrate Judge that was refused in whole or in part when a subsequent motion is made for the same relief. If this rule is applicable, Plaintiff failed to make this disclosure[1].

Despite Plaintiff's failure to comply with the Local Rules, the Court will address the issues involved in his Motion. *See Brye v. Sec'y for Dep't of Corrections*, 228 F. App'x 843, 844 (11th Cir. 2007) ("We have held that the district court should

---

[1] This Court was unable to find a previous suit involving these parties that would trigger a disclosure under Local Rule 7.1(e)

2

not dismiss the action of a *pro se* plaintiff based on a local rule when 'there is nothing to indicate [the] plaintiff ever was made aware of it prior to dismissal.'") (citing to *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982)).

### III. Legal Standard

Federal Rule of Civil Procedure 65 and 17 U.S.C. § 502 allow for a court to institute a preliminary injunction. The decision to grant or deny a preliminary injunction is a decision within the sound discretion of the district court. *See Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 332 (5th Cir. 1981). Granting a preliminary injunction should be seen as an exception, not the rule. *See Hayes v. DeSantis*, 561 F. Supp. 3d 1187, 1196 (S.D. Fla. 2021) (citing *Brown v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 4 F.4th 1220, 1224 (11th Cir. 2021)).

Succeeding on a motion for a preliminary injunction requires that the moving party demonstrate: 1) a substantial likelihood to succeed on the merits, 2) irreparable harm will be suffered if the relief is not granted, 3) the threatened injury outweighs the harm that the relief would inflict on the responding party, and 4) entry of the relief would serve the public interest. A plaintiff must meet all four prerequisites to succeed in a motion for a preliminary injunction. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016). In moving for a preliminary injunction, the plaintiff bears the burden of persuasion on each of the four factors. *See Siegel v. LePore*, 234 F.3d 1663, 1176 (11th Cir. 2000).

Federal Rule of Civil Procedure 65(b) allows a court to issue a temporary restraining order without written or oral notice to the adverse party if:

3

> "(A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

"An ex parte temporary restraining order is an extraordinary measure designed to prevent irreparable harm and to maintain the status quo just so long as is necessary to hold a hearing." *United Subcontractors, Inc. v. Godwin*, No. 11-81329-CIV-Hurley/Hopkins, 2011 WL 13228999, at *1 (S.D. Fla. Dec. 12, 2011), *report and recommendation adopted* 2012 WL 13019740 (S.D. Fla. Jan. 3, 2012) (citing *Granny Goose Foods, Inc v. Bhd. Teamsters & Auto Trucks Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423 (1974). Temporary restraining orders should be granted "only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)). Obtaining a temporary restraining order requires the moving party to satisfy the same four factors required by a preliminary injunction. *See Rumfish Y Vino v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019).

### IV.  Analysis

As a preliminary matter, district courts lack the authority to grant preliminary injunctions in breach-of-contract claims when the request from the plaintiff is for damages, a legal remedy. *See Noventa Ocho LLC v. PBD Properties LLC*, 284 F. App'x 726, 727-28 (11th Cir. 2008). As the Court cannot issue a preliminary injunction for monetary damages, the only relief available for Plaintiff in his Motion relates to Plaintiff's request for a temporary restraining order and preliminary injunction

"prohibiting Defendant from intercepting future broker payments." Compl. at Sec. V(a)

### A. Likelihood to Succeed on the Merits

Plaintiff must first demonstrate the likelihood to succeed on the merits. To prevail in a breach-of-contract claim in Florida, the plaintiff must prove 1) a valid contract, 2) a material breach, and 3) damages. *Grove Isle Ass'n, Inc. v. Grove Isle Associates, LLLP*, 137 So.3d 1081, 1094-95 (Fla. 3d DCA 2014) (citations omitted); *see De Gazelle Group, Inc. v. Tamaz Trading Establishment*, 113 F. Supp. 3d 1221, 1223 (M.D. Fla. 2014) (citing *Havens v. Coast Florida, P.A.*, 117 So.3d 1179, 1181 (Fla. 2d DCA 2013)).

Absent the submission of the contract between the parties, the invoices, or any other substantial demonstration of the material terms and potential defenses at issue in the case, the Court cannot evaluate Plaintiff's likelihood of success on the merits.

### B. Irreparable Harm

Irreparable harm is the second prong that the Plaintiff must satisfy for a temporary restraining order and a preliminary injunction. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." *Ferrero v. Associated Materials Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991) (citing *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983)). Plaintiff requests only monetary damages in his prayer for relief, and the issue concerning a possible interception of future broker payments, absent any other information about the wrongs alleged by the Plaintiff, are all monetary in nature. These facts weigh against a finding that Plaintiff's harm is irreparable.

### C. Comparable Harm

The third prong that the Plaintiff needs to meet is that the threatened harm to the Plaintiff outweighs any harm the defendant may suffer should the Court grant the preliminary injunction. Often when courts have granted preliminary injunctions in breach-of-contract cases, it is because the harms involved are more than monetary and drastically disproportionate to a particular party. *See, e.g.*, *Lepper v. Franks*, No. 5:18-cv-644-Oc-41PRL, 2019 WL 175276, at *2 (M.D. Fla. Jan. 11, 2019) (finding the balance of harms to weigh heavily in favor to the plaintiff, where the defendants ending their performance of a contract would effectively lose the plaintiff's ability to operate as a company to its current customers). While the Court is sympathetic to any suffering that the Plaintiff may be enduring, presuming that there is a material breach of contract claim, the relief Plaintiff is requesting is purely monetary as "prohibiting Defendant from intercepting future broker payments" is seeking that Plaintiff be paid funds under the contract to which he alleges he is entitled.

### D. Public Interest

The fourth and final prong necessary for a preliminary injunction asks whether entry of the relief would serve the public interest. "The public interest is generally advanced by enforcing valid contracts." *Evans v. Facco USA, Inc.*, No. 5:15-cv-02241-MHH, 2016 WL 304565, at *12 (N.D. Ala. Jan. 26, 2016). But here, where the Eleventh Circuit specifically restricted the ability of a district court to grant any injunction when the request from the plaintiff is for damages – a legal remedy, *Noventa Ocho LLC*, 284 F. App'x 726, the prohibition on granting a temporary restraining order for legal damages weighs more heavily than the public interest in

enforcing valid contracts at this preliminary stage. The appropriate course of action is to let the case proceed in the regular course so that a legal remedy may issue if warranted.

### V.     Conclusion

For the reasons stated above, the Motion for Emergency Injunctive Relief against Defendant ECapital Freight Factoring Corporation is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers in Miami, Florida on this 13th day of April, 2025.

_____
**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record